4

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

_Markus A Green Pro se_ )
_____ )
Petitioner )
)
v. )
) Case No. 6:22CV284  JDK/JDL
) _(Supplied by Clerk of Court)_
)
_Warden J. Garcia and atty Gen, Ken Paxton_ )
Respondent )
_(name of warden or authorized person having custody of petitioner)_

CLERK, U.S. DISTRICT COURT
RECEIVED
JUL 25 2022
EASTERN DIST. OF TEXAS

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: _Markus Antonius Green_
   (b) Other names you have used: _Mark, anthony, marcus a. Green_
2. Place of confinement:
   (a) Name of institution: _H. H. Coffield unit   veteran's dorm_
   (b) Address: _2661 f.m. 2054 Tennessee Colony, Texas 75884_

   (c) Your identification number: _#718915_
3. Are you currently being held on orders by:
   ☐ Federal authorities    ☐ State authorities    ☑ Other - explain:
   _In prison, Physical custody but attacking a State action; govt action that will keep or return him to custody )_
4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
     (a) Name and location of court that sentenced you: _N/a_
     _____
     (b) Docket number of criminal case: _____
     (c) Date of sentencing: _____
   ☐ Being held on an immigration charge
   ☑ Other _(explain):_ _In Physical custody in cause #901420 but attacking govt action
   in cause #901420 ~~which~~ ~~the~~ ~~action~~ ~~these~~ ~~decisions~~ have deprived him of
   his liberties and will keep him restrained of his liberties in the future._

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.  What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other (explain): *I am challenging a govt action (Motion to Dismiss "pending further investigation" granted by the Hon Judge Fred E. Moore on aug 26, 2002 which has denied me of constitutional freedoms & will keep me Restrained of freedom in the future*

6.  Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:  *167th Judicial District court Of Travis County, Texas*

(b) Docket number, case number, or opinion number:  *#9014201*

(c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):
*Motion to Dismiss cause #9014201 "Pending further investigation" Signed on August 26, 2002*

(d) Date of the decision or action:  *August 26, 2002*

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes       ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

(b) If you answered "No," explain why you did not appeal: *Pending further investigation by prosecution and not yet convicted of charges*

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes            ❏ No

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court: _____

    (2)  Date of filing: _____

    (3)  Docket number, case number, or opinion number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

_____

_____

_____

(b)  If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❏ Yes            ❏ No

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court: _____

    (2)  Date of filing: _____

    (3)  Docket number, case number, or opinion number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a third appeal:   _____
_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes                    ☐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1)  Name of court:  _____

(2)  Case number:  _____

(3)  Date of filing:  _____

(4)  Result:  _____

(5)  Date of result:  _____

(6)  Issues raised:  _____
_____
_____
_____
_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1)  Name of court:  _____

(2)  Case number:  _____

(3)  Date of filing:  _____

(4)  Result:  _____

(5)  Date of result:  _____

(6)  Issues raised:  _____
_____
_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
conviction or sentence:    _____

_____
_____
_____
_____
_____
_____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☐ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____
_____
_____
_____
_____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes        ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** _The trial court Erred when it granted the State's grounds for their motion to Dismiss count I (sexual assault); a denial of the U.S 5th (grand jury) 8th (cruel punishment), & 14th (due-process)(§1594) has resulted. The state's grounds were false; Tx § 22.011(b) Sex. offense, I.V. wasn't unconscious, or physically restrained grand jury was lied to and Shaun is being denied due Process freedoms (liberties, properties)._

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.):*                                    Mis/lead ↓

(1) The "convicted" case (90/9200) contained the same false claim (count) presented to the same indict grand jury and the D.A. twice, twice prosecution at trial; no offense in §22.011(A) occurred. (2) *"Pending further investigation"* has resulted in a sentence circuitously that was not procured at trial. Def. has been denied Parole ← parole, subjected for S.O.T.P, housed on S.O. unit 14 yrs, denied college educ. Pending further investigation def was denied expunction because by law he is still in custody from that arrest. (§55.01c.c.P) and his custody (non physical) will continue after the release (His social freedoms" generally placed on sex offenders S.O.s)

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes          ☐ No

**GROUND TWO:** The trial court Erred by Grant the state's Enhancement Paragraphs — (*"Pending further investigation"*) in violation of his Rights under 18 USC § 242; § 1594) — to continue tolling because petitioners prior convictions are not 3rd degree felonies as required under the habitual offender clause; a denial of his U.S. 14th Due Process (and U.S. 5th Grand Jury)

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

Under the law prevailing at the time petitioner was arrested (28yrs. ago) the state was required to prove he had been previously convicted of a felony that was not a state jail felony. His priors used to be 3rd degrees but were reduced to SJF, in 1994 (8 yes before his 2002 trial). §3.11.3.22(a) and §311.031(b) Tx govt. mandate that a reduced, amended statute (Habitual off. statute) is forward looking. §12.42(d)pen was revised in 1994 to see his priors as SJF and since it is forward looking it doesn't see them as they were before the 1994 revision. The States attempt to use them violates his §1594, 5th & 14th protections. 

(b) Did you present Ground Two in all appeals that were available to you?        (U.S. 5th, 14th)

☐ Yes          ☐ No

**GROUND THREE:** The Trial court Erred by: Granting the state's grounds to Dismiss Count II (Psy med Wo/ie. Psych harm) a Denial of Green's U.S. 1st (free Speech) 5th (Double Jeopardy) 8th (cruel/unusual) and 14th (Due Process, Equal Protection) (§1594) is occurring and will continue til Tx vacus §165.152, §165.153 are declared unconstitutional.

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

The trial court's error granting the state's indictment count II to toll pending investigation has deprived Green of his statutory rights (§1594) which protects him from attempts to violate the 1st, 5th, 8th & 14th And the states tolling indictment complicates Green's freedom of speech, Double Jeopardy (2 elements: charging money & financial harm are the same) cruel/unusual, (he is the only one subject to the old law which requires conviction for §165.152 (classA) before enhancing under §165.153(Tx/recip) Due Process (social, economic, financial, marital, educational, religious, travel freedoms restrained & addle) Equal Protections he is the only American in U.S. history subject to prosecution; if he appeals himself.

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☒ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

GROUND FOUR: The State (TRS) is with holding his Property (all past and future annuity payments) "Pending further investigation" of cause 901920 1 In violation of his U.S. 14th amendment

(a) Supporting facts (Be brief. Do not cite cases or law.):
Following motion to Dismiss, Green was sued by his criminal trial atty. The State court permitted intentional mis identification (lawyer sued Mark Green #84951, not Markus Green #118715) and improper Process of service. TRS transferred Markus Green #118115 annuity to the lawyer where judgement was against Mark Green #84951. until $20,000.00 debt was paid. Green's annuity is $14,000/yr for life. He is now owed $140,000.00 back payments (after lawyer's judgement was paid out) and Refuses to resume payments. To help Prosecution keep him broke and deny his Right to his Property (U.S. 14th) which he needs in order to Retain counsel (U.S. 6th) to defend against Persecution and wrongful judgement (Misidentification)

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes        ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    Claims were not Ripe

**Request for Relief**

15.  State exactly what you want the court to do:   Award Grant the writ forthwith and declare the Motion to Dismiss cause # 901920 1 pending further investigation invalid, declare the indictment (count I) invalid, Present constitutional Question to U.S. Atty gen, declare §§165152, 165.153 in violation of Green's 1st, 5th, 8th & 14th amendment rights, locate Enjoin the state TRS from withholding his TRS annuity and grant any further appropriate relief he is justly entitled.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

*Breakfast at 5 A.M. July 18, 20 2022*  *July 20, 2022 mailed by*
*dropping in mail Box*
*5.a.m*

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: *July 18, 2022*          *Harkus A. Breen Pro Se*
_____
Signature of Petitioner


_____
Signature of Attorney or other authorized person, if any

## Back Ground History.

On July 16th 2001, the Petitioner, Markus a. Green, pro se was arrested and later, charged with the commission of a felony under article § 22.011 of the Texas Penal code that was alleaged to have been committed during the course of victimizing a Resident of Travis County, Texas at that time named Lisa Vu. However, the single most important criteria for establishing that a Criminal act in violation of this Offense code had infact occurred is that it must have been committed without the other party's consent. But neither the lead detective who initiated the investigation (Det. Julie Jacobs-Long) nor the alleged victim herself ever complained that Green's exam was non consensual. Now subsection (b) of that offense provides an alphabetized profile of all of the legally possible methods by which a non-consensual act in violation of that Offense code can happen and neither Ms. Vu (who eded not notify the cops but was sought out and informed that she was "sexually assaulted") nor detective Jacobs-Long accused Petitioner of any one or more of them. Never the less, the Petitioner's charge went forward. Once the D.a. recognized that neither Ms. Vu's own statements to the cops nor the affidavit of arrest and complaint (which was swory to be detective Julie Jacobs Long) contained language in violation of subsection (b), the prosecution, in its zeal to get Green prosecuted for a crime that he had not committed by statute, sought to massage the kinks out of their deficient criminal.

pg 1

charge by fabricating out of thin air, two of the elements describing non consensual conduct under subsection (b) (which were not alleged in the affidavit of complaint and arrest or by Nisa VM; who clearly was never unconscious, restrained, or unaware; read the affidavit by det. dong) in order to secure a grand jury indictment against Green by fraudulent methods which it knew were contemptible. In addition to the fictitious criminal allegations which were manufactured by the state in count I, the prosecution then proceeded to add enhancement paragraphs by using prior state convictions imposed on Green, which had been 3rd degree felonies at the time of their alleged commission but which were reduced to State jail felonies in 1994 (8 yrs prior to Green's 2002 trial), and therefore, not legally* permissible under §12.42(e) Texas Penal at trial of his 3rd degree felony offense (Practicing medicine w/o License and causing Psychological Harm §165.153(a)(1) Texas occup. code ). Texas Govt code Mandates that Texas statutes (such as the revised 1994 Habitual offender statutes) are forward-looking in their application and can't be applied retroactively and before reduction, revision or amendment. (See §311.022(a) §311.031(b) TX govt.)

Finally, in count IV, Petitioner Green was indicted for Practicing medicine without a License and causing Psychological and Physical harm, However, the statutory codes which serves as the springboard by which the Grand jury indictment could even leap forward are un-constitutional. In that they violate Green's 1st, 5th, 8th, 13th, and 14th Amendments to the U.S.

A.) The Petitioner is still in Physical Custody in cause #9014201 °

The basic scope of a Habeas corpus is prescribed by statute 28 USC § 2241(c) which provides that " the writ of Habeas Corpus shall not extend to a prisoner unless he is in custody in violation of the constitution ". In Preiser V. Rodriguez, 411 US 475, 484 (1973) the Supreme court said " It is clear ... that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and that the traditional function of the writ is to secure release from illegal custody." 411 US at 484. Although, the Supreme Court broadened the scope of " in custody" over the years (see Mc Nally V. Hill, 293 U.S. 131 (1934) and compare with Peyton V. Rowe, 391 U.S 54 (1968) and also Carafas V. La Vallee, 391 U.S 234 (1968); and Jones V. Cunningham, 371 US 236 (1963), The Petitioner contends that he even meets the narrowed scope of custody asserted in Preiser V. Rodriguez supra, because under Texas law unless the indictment has been dismissed, unconditionally, he Remains "in custody" under the Expunction statute (§55.01 C.C.P.). In the instant case, The Petitioner, Green, was arrested in this case at exactly 3:15 p.m. on July 16th 2001 by detective Julie Jacobs (peace officer #2270) and booked into the Travis County jail (see Exhibit #3; Peace officer's Return) for the alleged sexual assault of Lisa Vu. Bail was set at $300,000.00 but because Green could not post bail he remained in Physical custody (see Preiser V. Rodriguez supra) while awaiting trial on July 8th 2002 (1 yr and minus 1 day) through July 15th 2002. The Petitioner was convicted in another case (#9014200) alleging the acts against another person (avianca Wong) and following the imposition of illegal enhancements, sentenced to 40 yrs.

Pg 3

The Petitioner contends that due to his conviction in another case (#9014200) he was never released from the physical custody that detective Julie Jacobs placed him under on July 16, 2001 at 3:15 p.m. The D.A. said as much when it filed its motion to Dismiss cause 9014201 (the case he is challenging); It Dismissed the case for two reasons: (1) "The defendant was convicted in another case" and (2) "other: pending further investigation". Since, Green was going to prison in cause number 9014200 he would not be released from physical custody in cause # 9014201 either. This would allow the state to "investigate" cause # 9014201 while he remained in custody on both causes (#9014200 and #9014201) until his release on the first and then upon release (or at release) detain Green further in order to prosecute him for count I and count II and for being a Habitual offender in cause #9014201 which has been tolling under state law (§12.01 and §1.202 Texas penal code; Marks V. State 560 SW 3d 169, 170 (Tex. crim. app 2018) for 22 yrs.

The Petitioner, Markus A. Green, first learned of his Physical custody in this case (#9014201) when he sought the Expunction of his records (following the Dismissal of indictment cause number #9014201) in Ex Parte M.K., cause no. D-1-EX-15-000739, which the Honorable Judge Brenda Kennedy Granted on March 24th 2017 (see Exhibit #2). However, the state appealed in April of 2017 arguing that he had not been released from that arrest as required by Texas code of criminal procedure, article §55.01 and therefore, was not entitled to Expunctive Relief from that arrest. The appeals court reversed the trial court's decision and

PG 4

Petitioner's expunction relief was denied because statute requires that Petitioner has been released (see _Harris County D.A.'s office V. J.T.A_, 809 SW2d 572, 574 (Tex. 1991) - and since Green was also convicted in another case, he has not been released from the custody of either the cause for which he was convicted or the one for which he was arrested (and not released) but not yet convicted of (#9014201) see _Pitts V. State_, 113 S.W. 3d 393, 399-400 Tex. app. Hou 1st Dist 2003; Petitioner was not released and was convicted in another case). And since "an expunction is concerned with an arrest, not the particular offense charged..." (see In re J.A., 353 S.W. 3d 291, 294 Texas app-El Paso 2011 no pet.) Green remains in physical custody because he has not been released from the constraint of the arrest conducted by det Julie Jacobs on July 16th, 2001 at 3:15 p.m.

B.) _The Petitioner is in custody other than Physical Custody:_

In _Morgan V. Thomas_, 321 F. Supp. 545 (S.D. Miss 1970) the Court said "It is axiomatic that actual physical custody under or restraint is not required to confer habeas jurisdiction. Rather the term is synonymous with restraint of liberty." _Morgan Supra._ In the instant case, the Petitioner, Markus a. Green, pro se, given Notice on June 26, 2007 that he was being reviewed for the S.O.T.P. (sex offender treatment program) following his transfer from coffield unit to The Neal unit in amarillo, Texas (a sex offender treatment unit) although, he had not and has not been convicted of the sexual allegations Now pending further investigation by the state (d.a.'s office). He had previously been denied a college Education due to his classification

pg 5

is an S.O.T.P. candidate. (See Exhibit #6 Coffield units 2005 College Registration review showing his S.O.T.P. status). When he was transferred to the Neal unit in June of 2007 he attempted to pay the $1500.00 required to register for the Graphic (computer) design course, a certification with transferrable college hrs to an accredited school. His check was denied citing his classification as S.O.T.P. candidate. On January 26, 2009 He wrote the Prison Principle, Mr. Ireano, concerning the (see Exhibit #5) denial of such a basic freedom (the liberty to acquire learning skills at the college level) and was told he was no longer an S.O.T.P. candidate he had been when he received his "Coleman Notice" in June 2007. Green re-applied but learned that college was no longer available because Neal unit was now designated a Sex offender Treatment program (which it was not when he first arrived) As a result a basic constitutional freedom had been denied to Green from 2004 to 2009 and would there after continue to be denied until this time (Neal unit was closed on 2020 due to a Covid-19 outbreak, so the entire 14 yrs on that unit he was denied Education without due process of law, a Right guaranteed (to him based on his classification) to him under the U.S. 14th amendment. Despite the fact that the U.S. Supreme Court long ago held that the denial of an Education (college level) based on belonging to an unfavored class was a violation of the U.S. 14th amendment (see Missouri ex rel. Gaines V. Canada, 305 U.S. 337, 59 S.CT. 232, 83 L.Ed. 208 (1938). Petitioner was intentionally sent (and therefore segregated) to a unit that offered a limited Non-college level education despite the Supreme court's ruling

pg6

that segregated educational facilities in Texas were unconstitutional (see Sweatt v. Painter, 339 U.S. 629, 70 S. Ct 848, 94 L.Ed. 1114 (1950) Green's mother (Marjore Green) was teaching at TSU and his uncle Dr. Asa Grant Hilliard was President of Prarie View Texas A. & M the year the Supreme court ruled in that case and remembers being told that Texas Prarie View A & M (where his uncle was Pres. was really the sister school to Texas A & M after Texans (white) donated the money to build Prarie A & M to keep blacks from entering Texas A & M (just as in Sweatt Supra) Likewise, Green's disfavored class as a S.O.T.P. candidate following his arrest in this case (#9014201) which he has never been convicted of has resulted in the denial of too the Educational freedoms guaranteed to him under the U.S. 14th amendment. This guarantee was settled in Brown v. Board of Education where the issue before the Supreme court was not simply whether seperate facilities were Equal (Sweatt Supra; Miss. Ex rel Gaines Supra) but rather under any circumstances, segregated educational opportunities could ever be equal and that court's unanimous answer was No! (see Brown v. Board of Education 347 U.S. 483, 74 S. Ct. 686, 98 L.Ed. 873.

Because of the Petitioner's unresolved case in cause #9014201 The state Board of Pardons and Paroles has consistently deemed that his 22 yrs flat on a Non-aggravated offense (Practicing medicine without a license and causing psychological harm) "is not an accurate reflection of his rehabilitation" specifically, "Offender's accrued good conduct time is not an accurate reflection of offender's Potential for Rehabilitation" not as long has the potential

Pg 7

for another conviction (after release) for the same charges is possible. (see Exhibit #7 Denial of Mandatory supervision the second time) so Greey contends that the pending charges and tolling indictment for an offense with no statute of limitations (and for which he has not been duly convicted) as well as for a charge that violates his 4.5. 1st, 5th, 8th, 13th, & 14th amendments (Proc.med Nohee; Psych harm) continues to impact his guaranteed liberties without having first been duly convicted of the alleged crime,

The Petitioner's Unresolved charges that are pending (for a sexual assault and for Practicing Medicine without a license and causing Psych harm) have negatively tarnished his FICO credit score which now limits his credit worthiness & credit power.

C.) The Petitioner is also Subject to future Custody due to this cause?

Rule 2 of the Habeas Rules (see rule 2 b) obviously anticipates future habeas relief for a future custody not yet imposed. For Example: In Glover v. North Carolina, 301 F. Supp. 364 (EDNC 1969) the petitioner was entitled to entitled to seek habeas relief although he had been released from custody physically, and although his sentenced had been served because he was now denied certain freedoms not denied to the general Public (or the public generally), so the type and degree of custody is not narrow but flexible. In fact in Hammond v. Lenfest, 398 F.2d 705 (2nd cir. 1968) the court re affirmed a generalized flexible approach to the issue. In speaking about 28 USC § 2241 the Court said: That while the language of the act indicates that a writ of habeas corpus is appropriate only when a petitioner is "in custody"... the act does not

attempt to mark the boundaries of custody - nor in any way other than the use of that word attempt to limit the situations in which the writ can be used". And Supreme court decisions have made it clear that the habeas corpus "is not now and never has been a static, narrow formalistic remedy; its scope has grown to achieve its grand purpose, the protection of individuals against erosion of their right to be free from wrongful restraints on a man's liberty, restraints not shared by the Public generally, which have been thought sufficient in the English speaking world to support the issuance of habeas corpus. ( 398 F.2d. at 710-711).

Greeg, the Petitioner, Pro se, in this habeas contends that as a result of the unresolved charges now pending further investigation in this case the collateral consequences of this arrest in cause 9014201 which began as a Physical custodial arrest by Detective Julie Jacobs (#2270) on July 16, 2001 at 3:15p.m. will keep him restrained in his liberty even after his sentence in cause #9014200 has discharged in 2041.

1) Greeg will not be eligible for most half way house programs once facilitators realize he has a sexual assault assault charge that is still pending farther investigation

2. Most apartment associations will not accept him as a tenent once a search of his criminal history reveals that a sexual offender may be on the loose and living in area while prosecutors develop enough evidence to prosecute him

3. (Loans (car loans, home loans, business loans, personal loans) will be impossible, no loan agency will approve a loan knowing the potential for prison may result before the loan is paid -

PG 9



4) certain careers such as those in the health professions will not be available to him

5) The Parole Board may (at any time while on mandatory supervision) make special condition X a term of his supervision and restrict his access and enjoyment to certain liberties (such as internet access, employment, travel) that far exceed these of parolees without these conditions.

6) The Petitioner is seeking Revocation of his Federal Mandatory Supervised Release of 3 yrs in order to serve it in federal Prison and following release from state Prison scheduled for 2041 he will be sentenced. His arrest for the sexual assault and Prac. Medicine w/o a license will be counted in determining his prison sentence even though he has not been convicted of it.

7) Given will be restricted from having access to children while un resolved sexual assault charges are pending:

These are just a few of the Examples of how his arrest for a sexual assault that did not happen (as required by law under §22.011(b) Typen), a Prac medicine w/o a license charge that violates the U.S. 1st, 5th, 8th, 13th, & 14th, amendments as well as 18 USC §242 & §1594) and illegal enticements that are not permissible under §12.42(c) Penal, and §511.022(a),§511.031(b) TX Govt. and violate his federal protections the abuse and Threatened abuse of the legal process (see §1589(c)(1).

<u>The Dismissed Indictment is still tolling:</u>

The State's Grand jury indictment under cause number #9014201 is still tolling under Texas law (§12.01 and §12.02 Texas penal code) and has been tolling for more than 20 yrs. In Texas " a prior indictment tolls the statute of limitations for a subsequent indictment" when both indictments allege the same conduct, same act, or same transaction" at 17, <u>Marks V. State</u>, 560 S.W.3d 169, 170 (Tex. Crim. 2018). This means that although the state's Dismissal of the indictment in cause #9014201 alleging a sexual assault in count I (which has no statute of limitations) and alleging the Practice of Medicine without a license while causing Psychological harm (a charge no other american is being prosecuted for), was Granted on August 26, 2002, the charges are still pending and a re-indictment for "the same conduct, same act, or same transaction"(for purposes of a future arrest and conviction) is still tolling and has been tolling for 22 yrs!

As a consequence, the Petitioner has been and is being singled out for a crime that No other United States citizen has ever been prosecuted for (§165.153(1) Psych harm element) or imprisoned for (Green is the only person in america imprisoned for this uniquely Texan element (Causing Psych harm while violating the Practice of medicine act under §165.153(6) TX occup.) The Supreme court made it clear in <u>The Village of Willow brook V. Olech</u>, 528 US 562, 120 SCT. 1073, 145 L.Ed. 2d 1060 (2000), that a person who claims to have been singled out for adverse irrational gov't action can bring a civil action based on a

Pg. 11
Pg. ø ∂

violation of the Equal protection clause. In effect a person
can become a "class of one". Although, a writ of habeas corpus
under § 2241 was not the appropriate forum for relief in that
case it is the appropriate remedy for Green (who is still in
custody) for claiming a "class of one" because no other prisoner
(of the 150,000 in Texas prisons) no other Texan of the roughly 20
million, and no other American is subject to investigation
under the law Green was arrested under because the law
has been revised and only Green is subject to arrest and conviction
under it. In essence he is suffering the collateral consequences
of his physical and non physical custody in this case (# 90/9201)
that no one else his is will.

    This is because under the law Green was indicted under
the state had to first prove that Green violated § 165.152
(now revised as a 3rd degree felony) a class A Misdemeanor at that
time, then after finding that he violated the Misdemeanor
offense (§ 165.152 Tx occp.) by either Publicly Professing to be a
physician or surgeon or indirect or directly charges Money for
these services (as provided under § 151.002 (12) Tx occp. code, the
state had to prove that he caused Physical or Psychological
harm (under § 165.153 (a)(1) to get a 3rd degree felony conviction
or prove that he caused Financial harm, in other wards
prove that he directly or indirectly charges Money for those services
again in the same prosecution in order to get a state jail felony
conviction. (However, senate bill 104, which was sponsored
by Senator Jane Nelson, fostered an amendment to article

Pg 12

§165.152 (Texas occup. which inevitably raised the offense code for practicing Medicine w/o a lic. from a class A Misdemeanor to a 3rd degree felony permanently. The State no longer is required to prove the additional harms enumerated under the sister code (§165.153); This is not a immaterial change; The old law (§165.152) authorizes an unconstitutional interference with Petitioner's double jeopardy protections by permitting a prosecution under the "charging money" element in order to obtain a Misdemeanor. They authorizes a second prosecution for "charging money" under the differently worded §165.153(a)(a) financial harm element in order to enhance Petitioner to a State jail felony. To add insult to injury Only this petitioner is subject to this double jeopardy enhancement scheme. No other person in America can be convicted of it or placed in custody "pending further investigation except Petitioner. If the 5th Amendments d.j. protections can be ignored by Texas legislation, what purpose are powers limited, and to what purpose is that limitation committed to writing? The distinction between a govt. w/f limited power and unlimited power is illusionary. Either the constitution (Rule of law) controls any state legislation Repugnant to it, or it does not; There is no middle ground. This court has Repeatedly concluded that his claims of unconstitutional statutes are "frivilous" (§165.152, §165.153 Texas occp) and that his indefatigable efforts to be given a hearing that is meaningful make him a "vexatious litigant" for exposing a very inconvenient truth for the Texas legislature; that these statutes are unconstitutional and single him out for discrimination (although No court has declared them as such The Petitioner doesn't need a jud or have to wait for a judicial opinion to Baptize these statutes with a title (unconstitutional).

However, if this Court can somehow stand under the umbrella of the Bench while petitioner's constitutional protections are rained on (because it lacks the judicial enthusiasm to Enforce the Supremacy clause (article VI (3) U.S constitution) so as to Save Texas laws

That A knows are Reprehensible, the Petitioner is not suprised; Chief Justice Marshall made it clear that "it is emphatically the province and the duty of the judicial department to say what the law is" Marbury v. Madison, 5 U.S. 137, 2 L.Ed. 60 (1803). He went on to pose the question "if an act of the legislature repugnant to the constitution, is void, does it bind the courts, and oblige them to give it effect? or in other words, though it be not law, does it constitute a rule as operative as if it was law?" Apparently, this court thinks so. (Marbury 1D). In upholding Pres. Roosevelt's program of trildling laws, Justice Brandies did establish the principles of Judicial Restraint which have become known as the Ashwander Rules (Ashwander v. Jenn. Valley Auth, 297, U.S. 288, 56 S.CT. 466, 80. L. Ed 688 (1936). but without defining the precise limits of that phrase, Petitioner believes acts being committed against him (while a prosecution under 8/65.152 and 8/65.153(a)(1) TX occp. is forming "pending investigation") require Strict Scrutiny not Judicial Restraint. Because a double jeopardy violation is implicated (see Benton v. Maryland, 395 U.S. 784, 885, S.CT. 2056, 23 L.Ed. 2d. 707 (1969) and because govt. discrimination is alleged under the Equal protections clause; which the Sup. CT deems a "fundamental Rights" (Palko v. Conn, 302 US 319 58 S.CT. 149, 82 L. Ed. 288 (1937), He also alleges the states investigation for future Prosecution of him as a sex offender has resulted in denial of Education based on being labeled a "S.O. candidate" (a disfavored classification). Denial of Education provided to others similar situated (as prisoners) is a violation of a "Fundamental Right" (Brown v. Board of Education, 347, US 483, 74 S.CT. 686, 98 L.Ed. 873. This state action against him by state actors requires Strict Scrutiny; under, The Doctrine of Strict Scrutiny, the state doesn't have the "ordinary presumption of constitutionality (concerning the challenged law) and the burden shifts to the govt. to show a compelling govt. interest to justify Discrimination.

Pg. 14

(see _United States v. Korematsu_, 323 U.S. 214, 65.S.CT.193, 89 L.Ed. 194 (1944) (in which a "military urgency" was shown to justify an otherwise racist (state act). However, Petitioner's case is unique in that he is asserting that the old law, which he remains subject to prosecution for (§165.152 TX.occup) "pending further investigation" discriminates against him alone because the law his changed (See §165.152 Revised) and no one else can now be prosecuted for it. The United States Supreme has previously ruled that anyone who claims to have been singled out for adverse, irrational govt. action may bring a lawsuit based on the violation of the Equal Protection clause. In effect, a person can become a "class of one" _Village of Willow Brook v. Olech_, 528 US 562 120 S.CT. 1073, 145.L.Ed.2d 1060 (2000). Although, a §2241 was not the forum used to achieved that end for _Willow Brook_. It is the only remedy to achieve it for this Petitioner. In revising the law but leaving Petitioner subject to prosecution for it (either to day or another 20 yrs. from today) the Texas legislature singled him out because it knew that only one person had been convicted under §165.152 plus the Psych harm element (§165.153(a)(1) TX.occup.) The Petitioner. This petitioner has spent thousands and 10s of thousands more trying to get the judiciary to stop this assault on his liberty. In Response, the State actors (Respondents) have held his only source of income (a life time annuity from Teacher's Retirement System) a gift of Benevolence left to him by his deceased Mother, a Texas school teacher of 39 yrs. His criminal defense attorney (Doug W. Beeson) sued him for unpaid fees after Beeson abused the power of atty and Breached his own Contract by withdrawing more than the $800.00/month contracted. He sued sued Markus Green with a TDCJ#849571 (according to the process of service) and not this Petitioner, Markus Green#118715. A default judgement was entered when petitioner failed to answer the process he was not served. The atty gen. office authorized Receivership. Petitioner's $1200.00 Monthly

pg. 15

annuity his been with held since 2008 in its entirety. although the $20,000.00 debt he did not save has long since been withdrawn. As a result of this unlawful seizure of his property by Respondent. He had to proceed in forma Pauperis and after a 3rd filing he was barred from filing any further §1983 in forma Pauperis claims even to challenge seizure of his income 14 yrs beyond the payment of the judgement. The purchaser of the annuity (his mom) contracted not merely for the perpetual distribution of funds to the object of her benevolence (Petitioner) but she paid money in earnest (see TRS document's #1 & 2) to secure its terms. She purchased a promise that the annuity would stay in the hands of the person approved by her (Petitioner), but this promise, entered into with Respondents (Texas) has been violated and the hands have completely changed and the original contract agreed upon by the state No longer exists. It has been modified to the will of the govt. It doesn't require a genius I.Q. to observe that a major incentive for a purcher of a TRS contract is the assurance felt by the purchaser that their benevolence is immutable otherwise no reasonable person would enter into a contract for an annuity if it knew it was revocable by an act of the state so so that they themselves could become the perpetual beneficiary until the beneficiary died (in prison) or found some resources to fight the restraint of his financial resources o Yet, this court has found petitioner's prior §2241 habeas attempts for relief from Respondent's grip on his freedoms to be lawful. In striking the civil Rights act 1875 the Sup.c.t said at some point, a black person should "cease to be a special favorite of the law" (civil Rights cases 109 U.S. 3, 3. S.C.T. 18, 27 L.Ed 835 (1883), in essence the 14th amend, crafted to protect him from a special target Now elevated him above his white brethren and made him a special favorite, you Must be Kidding! In Plessy v. Ferguson, the court said, In defending a Louisiana law that seperated the classes, (as the sex offender label has seperated him from the rest of the inmate population, and as his Prac Med W/o a license charge has done) that the statute did not violate the Equal protection clause, because "The object of the amendment was undoubtedly to enforce the absolute Equality..." but not "abolish distinctions" Plessy 163 U.S 537, 16 S.cT 1138, 41 L.Ed. 256 (1896). It is under this very unbecoming history of denying Equal Protections to African Americans, Petitioner files his grounds."

pg 16

<u>Ground One:</u> <u>The Trial Court erred by granting grounds for Dismissal of count I</u>

It was a gross error for the trial court to Dismiss count I of the state's indictment to "investigate" it further so the dismissed indictment could toll a subsequent indictment (see §12.01 and §12.02 penal code) because the court knew that grand jurors had been lied to about L.V. being rendered unconscious, and physically unable to resist alleged sex acts (in the form of a Medical procedure) were performed w/o her consent: "consent" being the operative word which is defined under sub-sec Subsection (b) of §22.011 TX pen. and requires that Petitioner used force ① threatened to use force ③ the victim was unconscious and physically unable to resist ④ Victim was a minor ⑤ victim was elderly ⑥ victim was mentally unable to know better and a laundry list of others which Petitioner did not commit. A Review of the affidavit of Det. Jacobs (see Exhibit #8) describes a conscious person throughout her encounter with petitioner who "filled out paperwork" in order to give written consent (nullifying any claim under §22.01(pen)) to Petitioner's encounter and agreed "upon conduct. In fact, she did not Notify cops, they Notified her (confiscation of Petitioner's Patient Records) and told her she was sexually assaulted. Even the elusive "Dr. Beech", allegedly L.V.'s doctor, did not notify authorities about his patient's sexual assault while unconscious (which he is required by law to do, when the claim isn't fictitiously propigated) because he did not find evidence and Ms Vu never alleged so. L.V. also refused to testify to a lie and as it turns out she tested positive for a veneral disease (which def never tested ⊕ for) and was told by Petitioner to seek treatment which he could not prescribe. Thus, the trial court had a duty to Dismiss because the allegations were false and the indictment was obtained through the use of perjured records (sworn to under oath), in violation of Petitioner's Grand Jury clause. (see Exhibit 1- the grand jury indictment alleging an unconscious L.V. physically restrained and compare with Exhibit #8).

<u>Arguments and Authorities</u>

It is well settled in American jurisprudence that a prosecutor may not knowingly use perjury in order to obtain a conviction

Okeefe. (U.S. v Okeefe, 169 F.3d 281, 292-293; 5th Cir. 1999), "the prosecution has a duty to correct evidence she should know is false" citing Giglia v. U.S. 405 U.S. 150 92 S.Ct. 763 (1972). In this case the Travis county D.A. not only knew L.V. was not sexually assault (as required under subsection (b) at that time) when she presented it to a grand Jury but is now again investigating him (for 22 yrs) in order to seek prosecution for the same fake charge against the same "victim" who does not wish to testify to false claims. D.a. of Travis county is still seeking evidence for a violation of §22.011(b) that (is readily apparent did to the state) did not occur in order to prosecute him on fabricated charges (see Castellano v. Ex parte Castellano, 863 S.W.2d 276, 480-481 cf. Giglia.).

## Harm analysis

1) Petitioner as an S.O.T.P. (see Exhibit #6) was denied Education-college and transferred to Neal unit in Amarillo Texas (an S.O.T.P unit)

2) Petitioner was told he was not on the S.O.T.P file any more and could attend college but when he applied he learned that Neal unit was not a parole unit for SOTP and no college would be offered. He was on Neal unit 14 yrs and denied Education because of his SOTP classification Brown v Bd of Educ. 347 U.S.483 (see Exhibit #5

3) Denied Parole and Mandatory Supervision because pending investigation to prosecute the same offense "is not an accurate reflection of his potential for rehabilitation (see Exhibit 7-Parole denial for 15th time)

(4) He was denied Expunction of his records in cause #9014201 because the 3rd court of appeals reversed trial court's Expunction order finding that he hadn't been released from the custody of his arrest from that cause and therefore he is still in Physical custody for that cause (see Exhibit #2 Expunction order). These harms are subsequent to a tolling "indictment based entirely on false statements by state actors made under oath to deprive Green of Due Process (see Napue v. Illinois, 360. U.S. 264 79 S.Ct. 1173 (1896)

pg 18

Petitioner contends that not only is he in physical custody (according to state expunction statutes §55.01 c.c.p. and Expunction courts, Exhibit #2, and Exhibit #9) as defined by the U.S. Sup. in _Preiser V. Rodriguez_, 411 US 475, but he is restrained in his liberty as an S.O.T.P. candidate (although not on file now) as defined in _Morgan V. Thomas_, 321 F.Supp 505 S.D. Miss 1970. (see also _Peyton V. Rowe_, 391 US 54 (1968) and _Carafas V. da Vallee_, 391 US 234 (1968).

<u>Petitioner's Restraint will continue after Release:</u>

Even Rule 2(b) of the habeas Rules recognizes future custody not yet imposed. It is under this nebulous and rapidly expanding legal argument recognized by federal courts that he asserts this claim. In _Mc'Nally Supra_ the court said that a petitioner's claim (habeas) must result in immediate release but in _Peyton v. Rowe Supra_ it broadened habeas relief to petitioner's attacking a consecutive sentence to be served _In The Future_ expressing the view that a consecutive sentences represented present custody, not just the judgement being served. At Pre-Trial, Petitioner was offered 7yrs to plead to both count I and II, which still remains on the table. In the unlikelihood that he accepts that plea in order to get closure now rather than be released and then convicted under this cause [901420] and returned to prison, it would result in present custody as described in Peyton. Should the state keep him in custody to await trial in this cause after release on the sentence now being served (901420D) it would still fall under Peyton's "future/present custody" meaning. Should SOTP restbr special condition X be a condition of his release (either because of conviction under this cause (901420) on because the S.O.T.P committee requires it, or because his Federal Probation officer requires new restrictions pending outcome of the investigation it would extend

PG 19

his custody by Restraining him in his freedoms in a Manner not imposed on parolee's under investigation for a sex offense or on the Public generally. Every individual a restraint of liberty by the govt. Petitioner will still lose liberties (social liberties) imposed on him by society as a Result of a Sexual assault charge and Prac Med W/odic charges pending.

(1) His ability to borrow Money (due to Risk of prosecution and prison)

(2) become a home owner, car owner, apartment tenant, sign a lease (for the same reason)

(3) To enter certain professions (with a sex charge pending)

(4) To secure certain employment (with a Risk of arrest & prison pending)

(5) Live in certain apartment housing and Residential areas (don't allow Sex offenders)

(6) Certain Religious organizations (churches)

(7) dating sites and other social media groups. And the public at large will have access to his pending investigation for sexual assault that the state has refused to allow him to Resolve for 22 yrs. Even though these social restrictions are describing private citizens most of the information they'll receive comes from govt. websites detailing these pending charges alleging fictitious, Manufactured crimes to deprive him of his social liberties.

Prayer

For these Reasons Petitioner Prays this court enter a Declaration That the court's Order Dismissing the indictment "pending further investigation" is invalid because no offense under § 22.011(b) occurred as alleged by indictment. Enjoin Respondents from Prosecuting a Sexual assault against L.V. so that Petitioner May Expunge his Record related to the fabricated sex assault charges. Enjoy Parole Board from requiring SOTP offender conditions During and after his Prison term and from making it a factor for Mandatory Supervision consideration; and such further relief he is justly entitled to.

<u>Ground 2:</u> The trial court erred granting investigation of Enhancements:

By granting the state's <u>Motion to Dismiss</u> and authorizing investigation of Enhancements (not applicable to Petitioner) the trial court erred and petitioner's rights under 18 USC §242 and §1584 are being violated in addition to his protections guaranteed him under the <u>Grand Jury clause:</u>

The petitioner had been previously convicted for u.u.m.v. and credit card abuse offenses, which were 3rd degree felonies prior to 1994 when the sentences were imposed. However, the legislature reduced their offense category (and by extension - their penalty range) to be in legislative lock-step with state jail felonies. Consequently, the Habitual Offender clause was revised to mirror this statutory matrimony. Now, these felonies (uumv. c.c.A) are prohibited under §12.42(e) pen. from perpetuating enhancements of a 3rd degree felony sentence (like Prac Med W/o Lic. §165.153(a)(1) TX occp). the same as any other state jail felony under §12.42(e) pen. The state's mantra was that since they had been felonies (3rd) under the laws prevailing at that time, the prosecution was within their lawful exercise of discretion to resurrect an otherwise dead statutory provision for purposes of Enhancement paragraphs (8 years post-mortem) in a 2002 3rd degree felony trial. So, they were permitted to indulge the very evils that §12.42(e) pen was expressly ratified to protect. Petitioner's contention is that the Expiration date of criminal statute is supposed to serve as the distant parameter of a state court's jurisdiction to invoke it for enhancement purpose. His contention is fueled by provisions of the Texas govt. code

<u>Arguments and Authorities</u>

Texas govt code §311.022(a) states "a statute is presumed to be" (forward-looking) "prospective in its operation unless expressly made Retro spective". Therefore, the habitual offender "statute" that was revised in 1994 to recognize Petitioner's priors as mere S.J.F. s

Pg 2]

is forward-looking and cant identify them as the 3rd degree felonies that they were before 1994. Therefore, during his 2002 pre-trial (when he was offered a plea of 7 yrs in exchange for removing enhancements from the table) the application of §12.42(d) Typen. was unlawful. Additionally, Texas gov't code § 311.031(b) states in pertinent part, That: "if the penalty .. or punishment for any offense is reduced by a Re enactment, revision or amendment of a statute (and §12.42(1) was), Then the Penalty, ... or punishment if not already imposed" (before the 1994 revision) "must be imposed according to the statute as amended". So, the state was bound by law to apply the habitual clause as amended in 1994. The states abuse of the Petitioner's Rights under 18USC §242, & §1594 has resulted.

18USC §242, provides "Whoever under color of any law, statute, ordinance, regulation or custom, willfully subjects any person in any state .... to the deprivation of any rights, privileges or immunities secured or protected by the constitution, or laws of the United States ..., shall be fined under this title or imprisoned, ..". 18 USC §1594 provides that "Whoever attempts to violate §1581, §1583, §1584, §1589, or §1590, or 1592 shall be punished in the same manner as a completed violation of that section." 18USC §1589 states that "(a) whoever knowingly provides, or obtains the labor or services of a person by any one of, or by any combination of the following means (1) by means of force, threats of force, physical restraint to that person or another (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law legal process..." (c)(1) As this section The term "abuse or threatened abuse of law or legal process" means the use or threatened use of "law or legal process whether administrative, civil, or criminal in any manner or for any purpose for which the law was not designed, ..., (2) The term "serious harm" means any harm, whether physical, or non physical including psychological, financial or Reputational harms ...". These federal statutes, 18 USC §242, §1594 identify the harms and attempted harms that have injured Petitioner and the

Pg 22

punishment for those responsible as a result of Respondents violation of his rights guaranteed to him under the Grand Jury clause and due process clause of the U.S. 5 and 14th (§5) amendments to the Constitution. Specifically 18 USC §242: The willfull deprivation of his right to liberty and of the Grand Jury clause under color of law §12.42 pen code as well as the attempt to subject him to subject him to Physical Restraint, threats of serious harm, and abuse of law (§12.42(d)) penal code. as described under 18 USC (18 USC §1594 (§1589)) Petitioner has suffered extreme Financial harm from the prosecution of cause #9014201, including but not limited to the legal fees related to the case, Private investigator expenses, and the seizure of his TRS pension in perpetuity; His Reputation has been defamed as a sex offender who renders women unconscious & physically restrains them. Psychologically, he has been injured by the spector of 25-to life with no statute of limitations to bring closure. He was Physically restrained a year in the county jail and remains in Physical custody since his arrest. His Right to his property ($140,000⁰⁰ TRS payments) and counsel (u.36ᵗʰ) is being denied. (1)

## Prayer

For this Reason, Petitioner Prayers this court will declare the courts Dismissal Order permitting further investigation of §12.42(d) penal code violations invalid; Vacate the use of the Habitual offender clause against petitioner in any 3rd degree criminal conviction and sentence and declare that the application of their use in this cause was and is invalid. And grant such further relief he may be justly entitled after declaring a violation of his U.S. 5th, &14th amendment Rights and rights under 18 USC §242 18 § 1589 are being violated and awarding the writ forthwith.

In Pro se

(1) By depriving Petitioner of his Property (u.s14th) justly owed each month, the state is delaying his fundamental right to counsel (u.s.6th) to defend him against the pending charges in this cause (9014200) being investigated by retaining effective counsel.

PG 23

Ground 3: Trial Court erred, granting State grounds for Dismissal of Count II

This is because the Texas statutes which serve as the spring board by which a grand jury indictment could even leap forward deny Green of the following constitutional Rights:
(a) Freedom of Speech: TX accup code §165.152 prohibits the act of publicly professing to be a physician or surgeon which the 3rd court of appeals his previously ruled can be implied by what a defendant wears (not what he says) Green V. State, 137 S.W. 3d 356 (Tex. app. austin, 2004 pet. ref'd; agripino V. State 217 S.W 3d 707, citing Green at 713-714 and holding that it was "unnecessary to determine whether def charged money or compensation for medical services because def's public profession" satisfied the Necessary elements. However, the U.S. Supreme Court in a long and unbroken chain of decisions has ruled against the criminalyzing of freedom of Expression based on clothing choices, Cohen V, calif, 403 US15, 915. c.T. 1780, 29 L.Ed.2d 284 (1971)
(b) violate double jeopardy protections guaranteed to Green and other minorities: agripino V. State supra " The clear language of the statute, which is written in the disjunctive provides that the offense can be proven based on evidence of either (A) Publicly profession or (B) charging compensation for the services" citing Green V. State 137 S.w 3d 356, 365 - "We find that the evidence is sufficient to support a finding that appellant did "charge money..." at 914. agripino who is a minority (like Green) was first convicted under the lesser offense (which was required under the laws prevailing at that time) then convicted of the additional elements section (3165.153 TX accp) for causing Physical harm under section (a)(1). However, her conviction for "charging Money" is the same charge as causing Financial harm under §165153(a)(2) which violates the double jeopardy clause; Blockburger V. U.S., 284 u.S. 284 u.S.299, 304; 1932; Brown V. Ohio, 432 u.S. 161, 164; 1972, Kansas V. Hendricks 521US 346, 117 S.ct, 2072, Like agripino, Petitioner, (who was previously prosecuted for Publicly professing or charging money) faces possible prosecution under this cause for Publicly professing or charging money, which is the same offense as Causing causing Financial harm as prohibited under Blockburger ID.
(C) are Irrationally Constructed – as a result of the double jeopardy violations these statutes are irrational in their punishment tiers: The greater offense §165.153(a)(2) Fin.harm carries more time then the lesser offense (charging money is a class A) but is

PG 24

actually the identical charge. (Black burger) The statute was revised in 2004 to make the lesser offense a 3rd degree felony. However, the statutes are more irrational because the Lesser offense (under §165.152 revised) carries more Time than the Greater offense (§165.153(a)(2) Psy harm).

(d) Cruel and unusual Punishment (u.s. 8th) only minorities have been imprisoned under §165.153(a)(1) TX occup (which functions as a Modern day BLACK Code for prosecutors) but only Green has ever been convicted (previously in another cause) under the Psych harm element, and only Green is subject to prosecution again because the law was revised to make §165.152 TX occup a 3rd degree felony. The state doesn't need the additional harms (only in Petitioner's "pending further investigation" cause # 9014201  Estelle v.

(e) Discriminate against minorities but with Regard to the Psych harm element against Petitioner alone. No other person in America or U.S. History has been imprisoned previously and still faces prosecution for the Psychological harm element. He is a "class of one". Willow brook v. Olech 528 U.S. 562, 120 S. CT. 1073, 145 L.Ed. 2d. 1060 (2000) wherein the Supreme court that any person who has been singled out for adverse, irrational govt. action (as Petitioner) can file action as a class of one.

## Prayer

Petitioner Prays this court will declare these statutory clauses unconstitutional and violative of the U.S. 1st, 5th, 8th, and 14th amendments and therefore the trial court's Motion to Dismiss "Pending further Investigation" is invalid and grant any other appropriate relief he is justly entitled.

Ground 4: TRS is violating Green's U.S. 14th amendment while the "Investigation is Pending"

As a result of the Motion to Dismiss "Pending further investigation" the petitioner hired 2 private investigators to help him collect evidence related to the cases (9014200, 9014201, & 9014202). Shortly after, Petitioner's Retained counsel, Doug W Beeson sued him for breach of contract without Petitioner's knowledge; He served process to Markus Green # 849571 (which is not Petitioner's TDCJ #1118715) knowing that Petitioner wouldn't be served. He waited 8 months so the Petitioner's deadline for appealing (6 months) had expired before a lien on his Bank of America assets were ordered by the Court. Petitioner learned of the suit 1 yr later when his uncle tried to withdraw funds to pay his P.I. His P.I., Mr. Akin informed him that his criminal trial lawyer had obtained a $20,000.00 default judgement against him. The court sent him notice of subpoena of his mother's TRS records. Petitioner informed TRS of the suit by fraud as a result of misidentification, However, his monthly annuity checks which were electronically transferred to his Bank of America account was placed into recievership until the 20,000.00 debt was paid. That Order was in 2008. Petitioner receives $1200.00/month for life from TRS as a result of being named a beneficiary of his mother's contractual agreement with Teacher's Retirement System of Texas (TRS) whereby she took a reduced retirement income in order to secure its terms (as already explained in pgs 15 and 16 of the "Background"); about $14,000 a yr. so this debt he was accused of owing (20,000.00) accrued in about 1½ yr. with the funds already in the account, which TRS helped Mr. Beeson obtain (even though he had not actually sued the beneficiary of the TRS annuity). 14 yrs later Petitioner has still not been paid a single dime of the annuity Texas contractually agreed with his Mother to guarantee him. (more than $140,000.00 in backpayments has now accrued; and he has not been able to file tax returns since 2007 2012). The State knows

that I wrongfully transferred his TRS earning to Mr Beeson who did not actually sue Markus a Green #118715 (they have a copy of the Process of service which was served allegedly to some one at Ramsey unit) It (TRS) was aware that Petitioner was already in prison and couldn't appear at a civil trial without a Court order. It also knows Mr Beeson has already received his judgement. But do to Petitioner's relentless efforts to expose this racially motivated prosecution involving perjured Testimony and falsified records. The State by and through its administrative Arm (TRS), which administers his annuity, has continued to withhold his entire income to deprive him of the most basic fundamental right (the right to his financial Property which the state owes him by contract and therefore can not terminate). Article 1 section 10 of the U.S. Constitution mandates that a contract between a state and its citizens is binding and must be honored. In this case the State (Respondent Tex. Atty Gen) is not authorizing the seizure of Petitioners assets unlawfully (which he lawfully earns from teacher's retirement) to keep him broke and deny him another fundamental Right, The Right to hired counsel and Effective assistance of counsel. leaving him at the Mercy of the state until the "pending" "investigation" is disposed of. In fairness to the State, Petitioner has been offered back payments from 2012 up to date (not 2008) however Petitioner must first agree to: (1) sign a contract absolving the state from civil liability (2) agree to new payment terms, receiving the annuity at the end of the month not the 1st of month (3) He can not access or assign factor the annuity (in order to hire representation) so Essentially he has to agree to terminate the contract between TRS and his Mother and enter into a contract on their terms in order to get some of the funds and when those funds are paid + when the annuity resumes is up to them. Petitioner did not enter the contract with the State, his Mother did and he does not need to agree enter a contract to receive what the State already owes him.

In its zeal to deprive petitioner of a fair criminal process with counsel available at every critical stage of the proceeding following his arrest (Miranda, Gideon, argersinger) Williams V. Taylor the Respondents have denied him of his U.S. 14th amendment Rights to his Property following trial court's Order to Dismiss cause #9014201 while the charges are still pending (the case is not closed) until the state can prosecute petitioner for a crime that did not occur (§ 22.011 penal code) and also a crime that is Repugnant to the laws of the United states (1845 c § 242 § 1594) and the Constitution (U.S. 14th Due Process, Equal Protection).

<u>Prayer</u>

Wherefore Premises Considered, Petitioner Now Prays that this court will Declare the Order granting motion to dismiss cause 9014201 "pending further investigation" as invalid; Order the immediate Release of his TRS annuity payments, while the Back payments in dispute can be resolved in arbitration or through the civil courts, and Grant any ~~appropriate~~ other appropriate relief he is Justly entitled.